IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN SOLORZANO-CISNEROS, ) | |
| ) | Case No. 7:12-cv-00537 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ) | |
| WARDEN ZYCH, ) | By: Hon. Michael F. Urbanski |
| ) | United States District Judge |
| Respondent. ) | |

Juan Solorzano-Cisneros, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he has not received jail credit for time he served in federal custody before his federal sentencing. Respondent has filed a motion to dismiss, or in the alternative a motion for summary judgment. The court notified Solorzano-Cisneros of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned him that judgment might be granted for respondent if he did not reply to the motion by filing affidavits or other documents contradicting respondent's evidence or otherwise explaining his claims. Solorzano-Cisneros never responded. However, the time allotted for his response has expired, making the matter ripe for the court's consideration. Upon review of the record, the court grants the motion to dismiss.

I.

Records submitted by the respondent with the motion to dismiss offer the following sequence of events related to the calculation of Solorzano-Cisneros' term of confinement. On November 19, 2008, Solorzano-Cisnero was arrested and detained by local authorities in Kona, Hawaii on the charge of abuse of a household or family member. On December 2, 2008, the

State of Hawaii sentenced Solorzano-Cisneros to 30 days in prison with 14 days credit for time served and 16 days suspended.

On December 5, 2008, state authorities transferred Solorzano-Cisneros to the Bureau of Immigration and Customs Enforcement ("ICE"), which held him for civil deportation review. On December 30, 2008, ICE released Solorzano-Cisneros to the United States Marshal's Service ("USMS") for prosecution for illegal reentry. Subsequently, Solorzano-Cisneros was convicted in the United States District Court for the District of Hawaii of illegal reentry, in violation of 8 U.S.C. § 1326(a), and sentenced to 84 months in prison.

The Bureau of Prisons ("BOP") prepared a sentence computation for Solorzano-Cisneros, based on an 84-month term of confinement beginning on September 8, 2009, the date when his federal sentence was imposed. The BOP credited Solorzano-Cisneros with 255 days of prior custody credit for time served from December 3, 2008 through December 5, 2008 (3 days) and from December 30, 2008 through September 7, 2009 (252 days). Based on this calculation and good conduct time he is expected to earn, Solorzano-Cisneros is currently scheduled to be released from BOP custody on February 1, 2015. ICE lodged a detainer against Solorzano-Cisneros on January 20, 2010 for his deportation to Mexico following his release from custody on the criminal sentence.

Solorzano-Cisneros is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennetsville, South Carolina ("FCI").[1] In his § 2241 petition, Solorzano-Cisneros

---

[1] When Solorzano-Cisneros filed this § 2241 petition on November 5, 2012, he was incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee County"). Respondent Christopher Zych is the warden of USP Lee County. Because USP Lee County is located within the jurisdiction of this court, see 28 U.S.C. § 127(b), the court has jurisdiction over Zych, and Solorzano-Cisneros' petition is properly before the court. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (finding that § 2241 petitioner seeking judicial review of the execution of his sentence "should name his warden as respondent and file the petition in the district of confinement") (quoting Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)). After filing this petition, Solorzano-Cisnero was transferred to FCI in Bennetsville. However, personal jurisdiction remains with this court. The Fourth Circuit has previously held that

claims that he is entitled to additional prior custody credits against his criminal sentence for the time he spent in detention by ICE.

## II.

Respondent argues that the court has no jurisdiction over Solorzano-Cisneros' § 2241 claim because Solorzano-Cisneros failed to exhaust administrative remedies before filing this petition. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004); see also United States v. Odiana, 7 F.3d 227, 227 (4th Cir. 1993) (finding administrative exhaustion required prior to filing § 2241); United States v. Mercado, 37 F. App'x 698 (4th Cir. 2002) (approving dismissal of § 2241 petition for failure to exhaust BOP's administrative remedies prior to filing).

The BOP has established a three-tiered administrative remedy process "through which an inmate may seek formal review of any issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10, et seq. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. Id. The process begins with an attempt at informal resolution, followed by a formal written administrative remedy request on a BP-9 form, with subsequent appeals to the regional director, using a BP-10 form, and then to the General Counsel on a BP-11 form. 28 C.F.R. § 542.13 - 15(a).

Respondent submits evidence that a review of SENTRY, the BOP's record system for inmates' utilization of the administrative remedies procedures, shows that Solorzano-Cisneros failed to pursue any of the formal administrative remedies provided by the BOP regarding the

---

in a § 2241 habeas action "[j]urisdiction is determined at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished).

calculation of his federal criminal sentence. Rather, it appears that Solorzano-Cisneros only attempted informal resolution of his complaint with staff, but never followed up with a formal BP-9 administrative remedy request. Solorzano-Cisneros has not stated any facts or offered documentation contradicting respondent's evidence that he had not exhausted his administrative remedies before filing his § 2241 petition. Accordingly, the court cannot reach the merits of his § 2241 petition. Odiana, 7 F.3d at 227.

In any event, even if Solorzano-Cisneros had exhausted administrative remedies, the evidence in the record establishes that he is not entitled to any additional prior custody credit. Solorzano-Cisneros' federal criminal sentence commenced on September 8, 2009, the date on which it was imposed. See 18 U.S.C. § 3585(a). A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b). Solorzano-Cisneros was awarded prior custody credit toward his federal sentence for all "official detention" served as a result of the related state charges — from December 3, 2008, the day after he completed his state sentence, through December 5, 2008, the day he was released to ICE for civil deportation review. Solorzano-Cisneros was also awarded prior custody credit for "official detention" he served from December 30, 2008, the day he was released from ICE to the USMS, through September 7, 2009, the day before his federal criminal sentence commenced.

The period between December 6, 2008 and December 29, 2008, when Solorzano-Cisneros was held in ICE custody pending civil deportation review, does not constitute "official

4

detention" under pending criminal charges for purposes of § 3583.  See United States v. Lopez, 650 F.3d 952, (3d Cir. 2011) (finding that because ICE deportation proceedings are civil actions, a person held under ICE detainer is not in "official detention" for purposes of sentencing on a later imposed criminal sentence); Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual New Law/CCCA, p. 1-15A ("Official detention does not include time spent in the custody of [ICE] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability.") (Docket No. 11-7)  Thus, Solorzano-Cisneros is not entitled to credit for the time he spent in ICE custody from December 6, 2008 through December 29, 2008, pending civil deportation review, because he was not in "official detention" during this time.

### III.

For the foregoing reasons, the court grants respondent's motion to dismiss.  Solorzano-Cisneros fails to establish that he exhausted administrative remedies before he filed this § 2241 petition, and the evidence establishes that his claim for prior custody credit is without merit.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

Entered:  April 29, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge